UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON C. RONDON,<br><br>        Plaintiff,<br><br>  v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>        Defendant. | Case No. 1:24-cv-01494<br><br>District Judge Sharon Johnson Coleman<br><br>Magistrate Judge Young B. Kim |

### ALLSTATE'S REPLY TO PLAINTIFF'S RESPONSE TO COURT ORDER DATED SEPTEMBER 20, 2025

For its Reply to Plaintiff's Response to Court Order Dated September 20, 2025 (Dkt. 49), Defendant Allstate Insurance Company ("Allstate") states as follows and seeks the following relief from the Court:

1. On September 20, 2025, the Court granted Allstate's motion to compel and ordered Plaintiff to produce his personal and business tax returns for the years 2020 through 2024 by September 29, 2025. (Dkt. 27.) The Court's Order further provided that the "[f]ailure to do so will result in monetary sanctions" and directed Plaintiff to file an explanation by October 1, 2025 for why he should not be ordered to reimburse fees that Allstate incurred in connection with filing its motion to compel. (*Id.*)

2. On September 29, 2025, Plaintiff produced a limited subset of the tax returns that he was ordered to produce and simultaneously served his third supplemental response to Allstate's Request for Production No. 22, which failed to explain why he was only producing some of the requested tax returns. (*See* **Exhibit**

1, a true and correct copy of Plaintiff's Third Supplemental Response to Allstate's First Set of Requests for Production No. 22, dated September 29, 2025.) Specifically, Plaintiff only produced his personal tax returns for the years 2019 and 2020 and his business tax return for 2020. (Ex. 1.) Plaintiff failed to produce his personal tax returns for the years 2021 through 2024, and his business tax returns for the years 2021 and 2024.

3. On October 1, 2025, Plaintiff filed his "Response to Court Order Dated September 20, 2025." (Dkt. 49.) In his Response, Plaintiff stated that "he was unable to produce his 2022 and 2023 personal tax returns because his accountant is currently in the process of preparing amended versions," but that he will produce "the 2022 and 2023 personal returns no later than Monday, October 6, 2025, and anticipates being able to do so sooner." (*Id.*) Plaintiff provided no explanation for not producing copies of his 2022 and 2023 personal tax returns that he previously filed with the government.

4. In Plaintiff's October 1 Response, he also stated that he was unable to produce his personal and business tax returns for the year 2024 because he has yet to file them. (*Id.*)

5. Plaintiff misrepresented to the Court, however, that he produced all other tax returns that he was ordered to produce. (*Id.* stating that he produced "his business tax returns for the years 2019 through 2023, as well as his personal tax returns for 2019 through 2021.") Contrary to Plaintiff's representation, Plaintiff did

not produce his personal or business tax returns for the year 2021. Plaintiff offered no explanation for his failure to produce his 2021 personal and business tax returns.

6. On October 3, 2025, Plaintiff reproduced the tax returns that he first produced on September 29, 2025 because they were "inadvertently sent without redaction or marking as confidential." Plaintiff again failed to include his personal or business tax returns for the year 2021 in his reproduction of his tax returns, nor the originally filed personal tax returns for 2022 and 2023.

7. On October 5, 2025, the Court entered an Order providing that "if Plaintiff fails to produce his 2022 and 2023 personal returns by October 8, 2025, Defendant is entitled to recover $1,000 per-day-penalty until both returns are received." (Dkt. 51.)

8. On the afternoon of October 7, 2025, a day after Plaintiff's anticipated production date, Plaintiff produced his amended personal tax returns for the years 2022 and 2023, but not copies of the 2022 and 2023 personal tax returns as originally filed with the government nor his 2021 personal and business tax returns. At the same time, Plaintiff served his fourth supplemental response to Allstate's Request for Production No. 22, which, again, failed to explain why he did not produce his 2021 personal and business tax returns, nor the originally filed 2022 and 2023 personal tax returns. (*See* **Exhibit 2**, a true and correct copy of Plaintiff's Fourth Supplemental Response to Allstate's First Set of Requests for Production No. 22, dated October 7, 2025.)

9. The signature date on the 2022 and 2023 amended personal tax returns that Plaintiff belatedly produced is October 3, 2025, which indicates these tax returns were only amended after the Court granted Allstate's Motion to Compel and compelled Plaintiff to produce them on September 20, 2025. (Dkt. 47.) Allstate is entitled to receive copies of the tax returns that Plaintiff originally filed with the government, as was first requested by Allstate on May 9, 2025, in its document requests and requested again by Allstate in its Motion to Compel, which was granted in its entity by this Court *before* Plaintiff amended the returns. Copies of the full tax returns to the "*same extent* submitted by the plaintiff[] to the Internal Revenue Service" are discoverable. *Saravia v. Dynamex, Inc.,* No. C 14-05003 WHA, 2016 WL 4140509, at *5 (N.D. Cal. Aug. 4, 2016) (emphasis added). The tax returns originally submitted by Plaintiff to the government in 2022 and 2023—the years directly following the termination of his contract with Allstate on March 4, 2021—are plainly relevant to the claims, damages, and mitigation assessments in this matter.

10. Additionally, Plaintiff must promptly produce his personal and business tax returns for 2021, the year that his contract with Allstate was terminated.

11. In accordance with the Court's prior Order, if Plaintiff fails to produce his 2021 personal and business tax returns and the originally filed 2022 and 2023 personal tax returns by October 8 as requested in Allstate's Motion to Compel, Allstate should be entitled to recover a $1,000 per-day-penalty until the tax returns are received.

WHEREFORE, Allstate respectfully requests that the Court issue an order (i)

requiring Plaintiff to promptly produce his complete personal income and business tax returns for the tax year 2021, as well as the personal tax returns originally filed by Plaintiff for 2022 and 2023, (ii) requiring Plaintiff to pay a $1,000 per-day-penalty if the outstanding tax returns are not produced by October 8, 2025, (iii) requiring Plaintiff to pay Allstate's reasonable attorneys' fees and expenses incurred in requesting this relief under Rule 37(a)(5)(A), and (iv) issuing such other relief as the Court deems fair and just.

Dated: October 7, 2025

Respectfully submitted,

*/s/ Ariel Wilson*

Rodney Perry
Ariel Wilson
Michelle Conklin
Blake Kolesa
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
Telephone: 312.471.8700
Facsimile: 312.471.8701
rperry@rshc-law.com
awilson@rshc-law.com
mconklin@rshc-law.com
bkolesa@rshc-law.com

*Counsel for Allstate Insurance Company*